# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, L.P.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY, et al.<br><br>Defendants. | Case No. 12-cv-03500 NC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; REFERRAL FOR REASSIGNMENT; RECOMMENDATION TO REMAND** |

Plaintiff John Wilson, proceeding pro se and in forma pauperis, removed this action for deceptive mortgage practices to federal court. Wilson also moves to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. Dkt. No. 4. The question presented is whether a plaintiff who chooses to bring a federally cognizable action in state court may subsequently remove the action to federal court.

Wilson commenced this action by filing a complaint in the California Superior Court, County of Alameda, in which he alleged that defendants engaged in deceptive mortgage practices in violation of the federal Truth in Lending Act (TILA, 15 U.S.C. §§ 1601 et seq.), the Home Owner's Loan Act (HOLA, 12 U.S.C. § 1461 et seq.), the California Business and Professions Code § 17200 et seq., and various state laws. Not.

Case No. 12-cv-03500 NC
REFERRAL FOR REASSIGNMENT
WITH REC. TO REMAND

1  Removal, Ex. A (Complaint), Dkt. No. 1.

2  On July 5, 2012, plaintiff Wilson removed the case to federal court. *See* Not.
3  Removal. In the Notice of Removal, Wilson identifies his claim for violation of TILA
4  and HOLA as the basis for removal. *See* Not. Removal. Wilson also asserts that the
5  Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

6  The right to remove a case from state to federal court is vested exclusively in "the
7  defendant or the defendants . . ." 28 U.S.C. § 1441(a). Accordingly, a plaintiff who
8  chooses to bring a federally cognizable action in state court may not remove the action to
9  federal court. *Southland Corp. v. Estridge*, 456 F. Supp. 1296, 1301 (C.D. Cal. 1978).

10  Here, Wilson, the plaintiff, filed his original complaint in state court and therefore
11  cannot now remove the case to federal court. As there is no statutory authority for
12  plaintiff's removal, this Court lacks jurisdiction over the case.

13  Because the parties have yet to consent to the jurisdiction of a magistrate judge
14  under 28 U.S.C. § 636(c), this Court does not have authority to make a dispositive ruling
15  in this case. Accordingly, the Court orders that this case be REASSIGNED to a District
16  Court Judge. Finding that Wilson has established that he is unable to pay the filing fee
17  required to file a complaint, the Court GRANTS Wilson's request to proceed IFP. As the
18  Court lacks subject matter jurisdiction over this action, however, the Court
19  RECOMMENDS that the action be REMANDED to the Superior Court of the State of
20  California, County of Alameda. The parties may object to this recommendation within
21  fourteen days of the filing date of this order. FED. R. CIV. P. 72(b).

IT IS SO ORDERED.

DATED: July 13, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge